IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBIN WRIGHT,

    Plaintiff,

v.                                        Civil Action No. 1:04CV235
                                                            (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The plaintiff, Robin Wright ("Wright"), filed an action on November 1, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). Wright filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 30, 2002. In a decision dated October 15, 2003, the Administrative Law Judge ("ALJ") denied the plaintiff's claim. The Appeals Council denied the plaintiff's request for review of the decision on August 27, 2004.

The plaintiff filed a complaint with this Court seeking review of the denial of her application for disability benefits and security income. The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). On February 10, 2005, the

defendant filed a motion to extend time within which the defendant may answer or otherwise move with respect to the complaint. The magistrate judge entered an order granting defendant's motion to extend. On February 23, 2005, defendant filed a motion to dismiss plaintiff's complaint. The plaintiff filed a response to defendant's motion to dismiss on February 28, 2005.

Magistrate Judge Kaull considered defendant's motion and plaintiff's reply and submitted a report and recommendation. In his report, he made the following findings: (1) plaintiff's complaint was filed after the sixty-day time period expired; (2) there was no wrongdoing by the government for plaintiff's late filing; and (3) that plaintiff does not fit the established justifications for equitable tolling. Based on these findings, the magistrate judge recommended that the defendant's motion to dismiss be granted and the action be dismissed.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff submitted objections on May 2, 2005.

This Court has reviewed the report and recommendation and the objections filed by the plaintiff and finds that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard; and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

## III. Discussion

The plaintiff makes the following objection to the magistrate judge's report and recommendation: (1) the plaintiff has failed to provide sufficient justification for equitable tolling of the sixty-day period within which to file a complaint.

3

Plaintiff had sixty days to file her complaint. Plaintiff's complaint was filed after sixty days. She did not request an extension of time from neither the defendant nor the Court. Plaintiff replied to defendant's motion to dismiss. She stated that she believed the filing was timely. Plaintiff states that, upon review of the record, she realized that it was filed two days after the filing period ended. Plaintiff requests that this Court find sufficient justification exists for equitable tolling of the sixty-day filing period.

This Court finds that there is not sufficient justification for equitable tolling to apply in this case. Equitable tolling applies as a statute of limitations. <u>Bowen v. City of New York</u>, 476 U.S. 467 (1986). It should be strictly construed and only used when it "does not undermine the purpose of the 60-day limitations period when viewed in connection with the underlying statute." <u>Id.</u> at 480. Thus far, equitable tolling has been decided on an ad hoc basis. <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89 (1990). However, courts have determined that equitable tolling is justified if a defective pleading was filed within the limitations period or if there is wrongdoing on the part of the government defendant. <u>See</u> <u>id</u>. at 95; <u>Bowen</u>, 476 U.S. at 480. Neither of these exceptions apply in this case.

First, the plaintiff admitted that she filed the complaint two days after the filing period expired. The first exception to warrant equitable tolling would not apply because the pleading was

neither defective nor timely filed.  Second, the plaintiff admitted that she was unable to timely file the complaint due to personal circumstances.  Plaintiff's counsel states that she "out of the office a great deal . . . tending to the needs of her family." (Pl.'s Resp. at 1).  Specifically, counsel's mother had became terminally ill and passed away and then her daughter gave birth to premature twins.  The second exception would also not apply here either because there was no wrongful conduct on the part of the government.  Thus, both recognized exceptions to the sixty day filing period have not been met.

Similarly, in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), the plaintiff failed to file his complaint because plaintiff's counsel was absent from his office at the time his notice from the Equal Employment Opportunity Commission was received.  Id.  The Supreme Court refused to apply the principles of equitable tolling to a "claim of excusable neglect." Id. Further, the Fourth Circuit in Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000), stated:

> As we held in Harris, however, rarely will circumstances warrant equitable tolling:  [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Plaintiff did not offer evidence of extraordinary circumstances that would warrant equitable tolling in the present situation. Thus, this Court agrees with the magistrate judge that the plaintiff has failed to provide sufficient justification for equitable tolling to apply to plaintiff's circumstances.

This Court finds that the magistrate judge properly considered all of the evidence presented, and that his conclusions are substantially supported by the record. Accordingly, the plaintiff's objection that the magistrate judge has not found sufficient justification for equitable tolling is without merit.

Upon review of the record and the findings made by the magistrate judge, this Court concludes that the decision to dismiss the plaintiff's complaint was reached by applying the correct legal standard and was supported by substantial evidence, and therefore, the magistrate judge's report and recommendation should be affirmed.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the motion to dismiss of the defendant be GRANTED. It is further

ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  December 1, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
